OF THE

## STATE OF ARIZONA

From May 2, 1922, to January 31, 1923.

[Civil No. 1958. Filed May 2, 1922.]

[206 Pac. 171.]

## NORTH BRITISH AND MERCANTILE INSURANCE COMPANY, a Corporation, Appellant, v. H. F. DILLMAN, Appellee.

1. APPEAL AND ERROR — A FINDING ON TRIAL TO THE COURT ON CONFLICTING EVIDENCE PRESUMED TO SUPPORT JUDGMENT.—Where, in an action on an automobile fire policy, tried before the court without a jury, the evidence relative to the alleged false representations was conflicting, and judgment was entered for the insured without written findings of fact, it will be assumed that the trial court believed that the charges of misrepresentation had not been established. .

2. INSURANCE—IN ACTION ON FIRE INSURANCE POLICY, FINDING OF NO MISREPRESENTATION SUPPORTED BY EVIDENCE.—In an action on a fire policy covering an automobile, *held*, that the evidence supported a finding that the alleged misrepresentations had not been established.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Messrs. Gandy & Cunningham, for Appellant.

Mr. Weldon J. Bailey, for Appellee. ·

FLANIGAN, J.—This is an action to recover on a fire insurance policy. The complaint alleges the

24 Ariz.—1 (1)

issuance of the policy by the appellant company insuring the appellee's Cole automobile against loss or damage by fire in the sum of $2,600, and the occurrence of a fire on November 3, 1920, during .the life of the policy, by which the car was partially destroyed. The company's answer admitted the execution of the policy as alleged, but averred that it was obtained by plaintiff and delivered to him under and because of false representations, in this:

"That at the time of the issuance of said policy and prior thereto said plaintiff represented to this defendant . . . that said automobile was unencumbered"

—when in fact it was at that time encumbered by a chattel mortgage executed by plaintiff to one M. V. Decker in the sum of $550; that plaintiff accepted said policy, well knowing the fact to be that it was delivered to him on such representations, and—

"notwithstanding the condition written into and set forth and relied upon in said policy by this defendant, to wit, that in said policy of insurance, and particularly under the third warranty therein, said policy reads as follows: '3. The facts with respect to the purchase of the automobile described are as follows': *Inter alia.* 'The automobile described is fully paid for by the assured and is not mortgaged or otherwise encumbered, except as follows: No exceptions.' And that said plaintiff, in making such answer and warranty concerning any encumbrance then upon said automobile, fraudulently and by misrepresentations permitted and caused this defendant to issue its said policy of insurance as in said plaintiff's complaint sued upon, and that thereafter said plaintiff accepted said policy of insurance, then and there well knowing that said policy was fraudulently obtained, and expressly excluded the North British & Mercantile Insurance Company from payment of money in case of loss, or from liability under and by reason of said policy . . . if the subject of the insurance, to wit; the automobile described in plaintiff's com-

plaint and in said policy of insurance, should be or become encumbered by any lien or mortgage, except as was stated in warranty No. 3, or otherwise indorsed on said policy.''

The cause was tried to the court, without a jury. Judgment was entered for appellee without written findings of fact.

On this appeal no question is made as to the insurable interest of the plaintiff, or the amount of the judgment, if it was properly entered at all. Upon the issues made as to the alleged false and fraudulent representations, or the making of any representation whatever, or fraudulent acceptance of the policy, the testimony was in direct conflict.

The agent of the company, Mr. Scott, testified that he obtained the statement incorporated in the policy, concerning the freedom of the property from encumbrance, by personal interview of plaintiff, which datum he put down on an unnumbered copy of a ''daily report sheet.'' On the other hand, plaintiff testified that, some time prior to July 23, 1920, he received a letter from Mr. Scott that a policy of insurance plaintiff then had on the car would expire on that date. In response to that letter he called Mr. Scott on the phone and told him to come up and get the policy and renew it. Scott accordingly came to the office and got the policy and took it away with him, and thereafter the new policy was delivered to plaintiff. Plaintiff did not read the policy when he received it, but after looking at its outside page or cover put it in the drawer of his desk; that he never talked with Scott at any other time about the insurance of the car, and was at no time asked any questions concerning an encumbrance on the property. The old policy did not show the car to be actually encumbered, but recited that it was ''purchased under contract.''

Under familiar principles, we are bound to assume that the court believed that the charges of misrepresentation and fraud had not been established. The testimony amply supports such a finding. Notwithstanding the somewhat wide range of the discussion in the briefs, this is the only phase of the case to which we need direct our attention.

The judgment, being supported by the evidence, must therefore be affirmed.

ROSS, C. J., and McALISTER, J., concur.